LOUISE ROYAL *vs.* EDWARD EVANS.

Waldo.    Opinion November 17, 1923.

*The question of compensation of the registers of deeds for making indexes is one
between them and the counties, and not between them and their clerks.*

In the instant case the plaintiff received the compensation for which she agreed
to work and is not entitled to anything more.

On report on agreed statement. An action of assumpsit on an
implied contract. The plaintiff was employed as a clerk by defend-
ant in his office as the Register of Deeds for Waldo County at an
agreed compensation which was paid to her weekly by the County
Treasurer from the allowance for clerk hire. While thus employed
she alleges that she performed work between January, 1915 and
December 16, 1918 in preparing "a suitable card index" of the
records, which Sec. 15, Chap. 12 of the R. S. required, which work
she claimed was not included in her duties as clerk under the express
contract, and that defendant personally owed her for such work
under an implied contract. By agreement of the parties the cause
was reported to the Law Court upon an agreed statement of facts for
final determination. Judgment for defendant.

The case is stated in the opinion.

*Charles S. Taylor,* for plaintiff.

*Dunton & Morse,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL,
DEASY. JJ.

MORRILL, J. The plaintiff claims to recover compensation for
work in the Registry of Deeds of Waldo County, performed between
January, 1915 and December 16, 1918 in preparing "a suitable card
index" of the records, which Registers of Deeds are required to
make by R. S., Chap. 12, Sec. 15, "without charge to the county."

During the period mentioned the defendant was the Register of Deeds for Waldo County, and the plaintiff was employed by him as a clerk in the office at an agreed compensation which has been paid to her weekly by the County Treasurer from the allowance for clerk hire in said office provided by law. She does not claim that her duties as clerk were in any way expressly limited or specified, or that she was expressly employed to do the work of indexing, or that the defendant expressly promised to pay her therefor. Her position is that the Register of Deeds personally owes her for this work because the statute requires him to make the index "without charge to the county"; therefore, her argument is that her compensation as clerk, which has been paid by the county, is exclusive of her work indexing, and that she is entitled to recover from the defendant on an implied contract.

This contention cannot be sustained. The statute, R. S., Chap. 12, Sec. 15, requiring the registers to make an index, far antedates the statute fixing their salaries and allowing fixed amounts for clerk hire in the several registries. Prior to the year 1905 the law had provided as early as 1853 (Chapter 40) that the registers should make "an alphabet to each volume of records, without charge to the county." In 1905 (Chap. 139, Sec. 1) the law was changed, requiring the registers to make "an alphabetical index to the records without charge to the county in the form known as ledger index, . . . or in lieu of said book shall make a suitable card index." Prior to the year 1905 registers of deeds, except in Androscoggin, Kennebec, and Penobscot counties were compensated by the fees of their offices, and it was provided that in the three counties named the salaries should "be received instead of the fees provided by law." R. S., 1903, Chap. 116, Sec. 6.

It is perfectly clear that the law of 1905 relating to indexes (Chap. 139, Sec. 1) retained the words "without charge to the county," to indicate that the fees of the office, where the registers were paid by fees, and the salaries in the three counties named, should include compensation for making the alphabetical index, or card index, as distinguished from the revised and consolidated index made every ten years, for the preparation of which the register was to receive a reasonable compensation to be approved by the county commissioners.

When later in the session of 1905 (Chapter 173) the Legislature placed all registers of deeds on annual salaries, with certain fixed allowances additional for clerk hire, it provided that "the sums above mentioned shall be in full compensation for the performance of all official duties and in lieu of all fees." The words "without charge to the county," in R. S., 1903, Chap. 11, Sec. 15, retained in P. L., 1905, Chap. 139, Sec. 1, was later retained by the Legislature in P. L., 1907, Chap. 144, and are now found in R. S., 1916, Chap. 12, Sec. 15. The words became superfluous after all the registers were placed upon salaries; but may have been still retained to make clear that while the salary covered compensation for making the current index, it was the intention that the registers who might be in office at the end of the ten-year periods should be paid for making the consolidated index.

However, the question of compensation of the registers for making indexes is between them and the counties, and not between them and their clerks.

The plaintiff has received the compensation for which she expressly agreed to work and is not entitled to anything more.

*Judgment for defendant.*